PD-0177-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 3/18/2015 3:34:25 PM
Accepted 3/19/2015 9:49:20 AM
ABEL ACOSTA
CLERK

## CAUSE NO. PD-0177-15

### IN THE COURT OF CRIMINAL APPEALS
### OF TEXAS

ESPERANZA ESQUIVEL

*Petitioner/Appellant*

v.

THE STATE OF TEXAS

Respondent/*Appellee*

On Petition for Discretionary Review
From No. 11-12-00313-CR
in the Eleventh Court of Appeals of
Texas at Eastland

### APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

Respectfully Submitted,

FILED IN
COURT OF CRIMINAL APPEALS

March 19, 2015

ABEL ACOSTA, CLERK

Damian Castillo
Attorney at Law
407 N. Big Spring, Suite 200
Midland, Texas 79701
(432) 570-9979
(432) 570-9918 (facsimile)
Texas Bar No. 24056935
damian@westtexasattorney.com
*Attorney for Petitioner-Appellant*

ORAL ARGUENT WAIVED

# IDENTITY OF JUDGES, PARTIES, AND COUNSEL

The following is a list of all parties, and the names and addresses of all parties' counsel and the trial judge in this case:

| **Defendant-Appellant:** | **Counsel for Defendant-Appellant:** |
| --- | --- |
| Esperanza Esquivel | Trial/Appellate Counsel<br>Damian Castillo<br>State Bar No. 24056935<br>Attorney at Law<br>407 N. Big Spring, Suite 200<br>Midland, Texas 79701<br>Telephone: (432) 570-9979<br>Fax: (432) 570-9918 |
| **Appellee:** | **Counsel for Appellee:** |
| The State of Texas | Appellate Counsel<br>Carolyn Thurmond<br>Assistant District Attorney<br>Midland County District Attorney's Office<br>500 N. Loraine<br>Midland, Texas 79701<br><br>Trial Counsel<br>Rob Hayden<br>Assistant District Attorney<br>Midland County District Attorney's Office<br>500 N. Loraine<br>Midland, Texas 79701 |

**Trial Judge:**

Honorable Robin Darr
385th Judicial District Judge
Midland County, Texas

# TABLE OF CONTENTS

**Page**

IDENTITY OF JUDGES, PARTIES, AND COUNSEL .............................. 2

TABLE OF CONTENTS............................................................. 3

INDEX OF AUTHORITIES......................................................... 4

STATEMENT REGARDING ORAL ARGUMENT.................................. 5

STATEMENT OF THE CASE....................................................... 5

STATEMENT OF PROCEDURAL HISTORY...................................... 6

GROUNDS FOR REVIEW.......................................................... 6

    I.     The 11th Court of appeals' decision conflicts with this Court's Fourth Amendment line of authority in <u>Brother v. State</u>, 166 S.W.3d 255, (Tex. Crim. App. 2005), specifically addressing the issue of corroborated citizen tips that lead to reasonable suspicion to justify a detention.

ARGUMENT......................................................................... 7

PRAYER FOR RELIEF.............................................................. 11

CERTIFICATE OF COMPLIANCE.................................................. 12

CERTIFICATE OF SERVICE....................................................... 13

APPENDIX

# INDEX OF AUTHORITIES

**Cases**                                               **Page**

Brother v. State,
166 S.W.3d 255 (Tex. Crim. App. 2005)...................................... 3, 6-7

Foster v. State,
326 S.W.3d 609 (Tex. Crim. App. 2010)........................................... 7

Ohio v. Robinette,
519 U.S. 33 (1996)........................................................... 7

State v. Griffey,
241 S.W.3d 700 (Tex. App.-Austin 2007)........................................ 8

York v. State,
342 S.W.3d 528 (Tex. Crim. App. 2011)........................................... 7

**Rules**

Texas Rule of Appellate Procedure 68.4................................................. 6

Texas Code of Criminal Procedure 28.23(a).......................................... 10

Texas Rule of Appellate Procedure 9.4............................................... 12

**To the Court of Criminal Appeals of Texas:**

Esperanza Esquivel files this Petition for Discretionary Review seeking this Court's review of the 11th Court of Appeals' opinion and judgment affirming the trial court's denial of her motion to suppress.

## STATEMENT REGARDING ORAL ARGUMENT

Counsel for Petitioner hereby waives oral argument. The dispositive issue in this appeal deals with the legality of a detention that is based on information received from a citizen informant. This issue has been authoritatively decided, and the facts and legal arguments are adequately presented in the briefs and record.

## STATEMENT OF THE CASE

On May 31, 2012, an indictment was returned against the Defendant-Appellant, Esperanza Esquivel ("Esquivel"), charging her in one count with the state jail felony offense of driving while intoxicated with a child passenger. (Clerk Record ("CR") at 7). Esquivel filed a pretrial motion to suppress her arrest, and all evidence and statements arising from Esquivel's initial stop because the arresting officer lacked reasonable suspicion to justify the stop. (Reporter's Record ("RR") vol. 5, 35-37). On September 21, 2012, the district court denied Esquivel's motion to suppress. CR at 16. On September 26, 2012, a trial was held before the court, and Esquivel was convicted of the offense charged in the indictment. CR at 38. On September 28, 2012, the district court sentenced Esquivel to one year confinement

in the State Jail Division of the Texas Department of Criminal Justice. CR at 39.

Esquivel was granted an appeal bond by the district court.

## STATEMENT OF PROCEDURAL HISTORY

As required by Rule 68.4(f) of the Texas Rules of Appellate Procedure, Petitioner provides the following procedural history to the Court:

1) On January 15, 2015, the 11th Court of Appeals handed down an Opinion and Judgment affirming the trial court's decision to deny Esquivel's motion to suppress; and

2) Petitioner did not file a motion for rehearing.

## GROUNDS FOR REVIEW

Petitioner asserts the following as grounds for this Court's review of this case:

1) The 11th Court of appeals' decision conflicts with this Court's Fourth Amendment line of authority in Brother v. State, 166 S.W.3d 255, (Tex. Crim. App. 2005), specifically addressing the issue of corroborated citizen tips that lead to reasonable suspicion to justify a detention.

## ARGUMENT

The 11th Court of Appeals erred in affirming the trial court's decision denying Esquivel's motion to suppress the evidence and statements. The court of appeals focused its opinion on the reasonable suspicion that is gained from corroborating a citizen's tip. The court of appeals cited this Court's decision in Brother v. State, 166 S.W.3d 255, 258-59 (Tex. Crim. App. 2005), and quoted the following: "Rather, corroboration refers to whether the police officer, in light of the circumstances, confirms enough facts to reasonably conclude that the information given to him is reliable and a temporary detention is justified". However, the court of appeals failed to apply the quoted law to the case at hand.

This Court has held that law enforcement may stop and briefly detain a person for investigative purposes if they have reasonable suspicion for the stop. Foster v. State, 326 S.W.3d 609, 613 (Tex. Crim. App. 2010). Reasonable suspicion exists when an officer is aware of "specific articulable facts, that when combined with rational inferences from those facts, would lead him to reasonably suspect that a particular person has engaged or is (or soon will be) engaging in criminal activity." York v. State, 342 S.W.3d 528, 536 (Tex. Crim. App. 2011). Reasonableness is measured objectively by examining the totality of the circumstances. Ohio v. Robinette, 519 U.S. 33, 39 (1996). The court looks solely

7

to the facts known to the officer at the inception of the stop. State v. Griffey, 241 S.W.3d 700, 704 (Tex. App.-Austin 2007).

"Reasonable suspicion may be established based on information given to police officers by citizen informants, provided the facts are adequately corroborated by the officer." Griffey, 241 S.W.3d at 704 (Citing Brother v. State, 166 S.W.3d 255, 258-59 (Tex. Crim. App. 2005)). For example, in Griffey, 241 S.W.3d at 707, the Third Court of Appeals held that reasonable suspicion did not exist where a restaurant manager reported that the defendant was passed out behind the wheel of his vehicle while the defendant was in line at the drive-through of his restaurant at 3:00 a.m.. First, the court reasoned that the manager's information was not sufficiently corroborated because the defendant was awake in his vehicle upon the officer's arrival. Id. at 707. The court also reasoned that the manager was not a witness to a crime because the information he provided the police did not allege criminal activity. Id. at 705. The court further noted that the officer could have initiated a consensual encounter to obtain additional information to corroborate the manager's tip. Id. at 705.

Here, the arresting officer did not confirm any of the limited facts he received from the citizen informant. Even though the 11th court of appeals cited "citizen informant" precedent, it did not follow the established law. The court simply described factors, such as time of day and location, to justify Esquivel's

8

detention. (COA Opinion 6). First, the citizen informant did not report witnessing criminal activity nor did the investigating officer observe criminal activity. The only fact that the officer obtained from the citizen informant is that the citizen informant heard a disturbance noise coming from the apartments behind his residential home. (RR vol. 5, 21-22; vol. 6, 29-30). The citizen informant did not give the investigating officer any specifics, such as a vehicle description, perpetrator description, identifying characteristics of the noise (e.g., tone, pitch, excessive, offensiveness), time of the noise, or what he meant by "disturbance". The citizen informant's complaint did not describe one characteristic of Esquivel or her vehicle. Other than the citizen informant's "disturbance" description, the arresting officer had no specific information to corroborate.

In the end, the arresting officer could not even corroborate the "disturbance" detail. The arresting officer did not observe criminal conduct. Esquivel's act of jumping an apartment curb into the alleyway did not constitute criminal activity. First, the alleyway is normally used by apartment traffic. (RR vol. 5, 23). Second, the apartment curb was corroded, low to the ground, and easily used to enter the alleyway. (RR vol. 8, Def.'s Ex.1). Even though the investigating officer may have considered the act abnormal, it did not connect Esquivel to criminal activity of a disturbance. The officer did not testify that he heard disturbance noises in the

9

alleyway or the apartments, which was the articulable fact he had obtained from the citizen informant.

Other than Esquivel's location, the officer did not have specific articulable facts connecting Esquivel to an alleged disturbance or any criminal activity. The conclusory terms of "robbery" and "disturbance" used by the officer were not defined, described, nor supported by the citizen informant's details. When pressed, the investigating officer could simply confirm that the citizen informant heard a noise coming from the apartments. (RR vol. 5, 21-22; vol. 6, 29-30). The investigating officer in this case could have easily conducted a consensual encounter on Esquivel to investigate whether a robbery occurred, a disturbance occurred, or someone simply made a loud noise.

Based on the citizen informant's complaint and the officer's independent observations, the totality of the circumstances did not rise to the level of reasonable suspicion. Under article 28.23(a) of the Texas Code of Criminal Procedure, "No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case." Tex. Code Crim. Proc. Ann. art. 28.23(a). Therefore, any evidence and statements of Esquivel's subsequent arrest for driving while intoxicated with a child should have been suppressed and rendered inadmissible.

## PRAYER FOR RELIEF

Petitioner prays that this Court will grant this Petition for Discretionary Review, and reverse the decisions of the trial court and 11th Court of Appeals.

Respectfully submitted,

/s/ Damian Castillo
Damian Castillo
Attorney at Law
407 N. Big Spring, Suite 200
Midland, Texas 79701
(432) 570-9979
(432) 570-9918 (facsimile)
Texas Bar No. 24056935
Attorney for Defendant-Appellant

## CERTIFICATE OF COMPLIANCE

In accordance with Rule 9.4, Rules of Appellate Procedure, I certify that this computed-generated document complies with the typeface requirements of Rule 9.4(e) and is comprised of 1,065 words (excluding the items exempted in Rule 9.4(i)(1)).

/s/ Damian Castillo
Damian Castillo
Attorney for Petitioner

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing Petition for Discretionary

Review by electronic mail on Carolyn Thurmond, Assistant District Attorney, 500

N. Loraine, Midland, Texas 79701, on this 18th day of March 2015.

/s/ Damian Castillo
Damian Castillo
Attorney for Petitioner

# CAUSE NO. PD-0177-15

## IN THE COURT OF CRIMINAL APPEALS
## OF TEXAS

ESPERANZA ESQUIVEL

*Petitioner/Appellant*

v.

THE STATE OF TEXAS

Respondent/*Appellee*

On Petition for Discretionary Review
From No. 11-12-00313-CR
in the Eleventh Court of Appeals of
Texas at Eastland

## APPENDIX

Eleventh Court of Appeals Opinion and Judgment.......................... Exhibit A

Eleventh Court of Appeals Memorandum Opinion and Judgment...........Exhibit A



In The

# Eleventh Court of Appeals

No. 11-12-00313-CR

**ESPERANZA ESQUIVEL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 385th District Court

Midland County, Texas

Trial Court Cause No. CR39984

## MEMORANDUM OPINION

After a bench trial, the trial court convicted Esperanza Esquivel of driving while intoxicated while a child passenger was in the vehicle. *See* TEX. PENAL CODE ANN. § 49.045 (West 2011). The trial court assessed punishment at confinement for one year in the State Jail Division of the Texas Department of

Criminal Justice. In one issue on appeal, Appellant argues that the trial court erred in denying her motion to suppress because the investigating officer lacked reasonable suspicion to justify his initial stop of Appellant. We affirm.

*Background Facts*

Appellant filed a pretrial motion to suppress the evidence arising from her arrest. On appeal, she contends that the arresting officer lacked reasonable suspicion to stop her vehicle. Officer Stephen Truex of the Midland Police Department testified at the suppression hearing that he was dispatched at 2:00 a.m. on May 8, 2012, to a "robbery call." He arrived at 3210 Whittle Way to talk to the complainant, who told Officer Truex about a possible "disturbance/robbery" coming from the parking lot of the Bradford Apartments. The Bradford Apartments were located behind the complainant's home. Officer Truex testified that he was familiar with the Bradford Apartments because he was the courtesy officer for the property and visited the property every night.

There was an alley located behind 3210 Whittle Way that was used by tenants of the Bradford Apartments. A minute after entering the alley, Officer Truex heard tires spinning. He then saw a maroon "Chevy" pickup; the driver of that pickup twice attempted to jump a curb in an effort to quickly leave the parking lot of the Bradford Apartments. Officer Truex stated that the maroon pickup was the only vehicle in the parking lot or alley. He observed that the driver was eventually able to jump over the curb. Officer Truex testified that the driver of the pickup turned westward and began driving toward him. He flashed his flashlight several times to stop the vehicle. As Officer Truex approached Appellant's vehicle, he had his flashlight and his weapon in his hands. At the suppression hearing, when asked why he stopped Appellant's vehicle, Officer Truex replied, "Just because of time of day, we just had a robbery in

2

progress, a vehicle was leaving a parking lot that was unusual like something had just happened, like they were trying to leave in a hurry."

After Officer Truex approached Appellant's vehicle, he learned from Appellant that she was involved in an argument with her ex-boyfriend, her sister, and her husband. Appellant had her two young children, ages eight and eleven, with her in the vehicle. Officer Truex then noticed that Appellant had "[s]lurred speech, bloodshot eyes, and the odor of alcohol." Officer Truex testified that Appellant admitted she was intoxicated. Officer Truex subsequently conducted field sobriety tests to determine whether Appellant was able to drive. He concluded that Appellant was intoxicated due to alcohol. Officer Truex arrested Appellant for driving while intoxicated while a child passenger was in the vehicle. The trial court denied Appellant's motion to suppress without making explicit findings of fact or conclusions of law.

*Analysis*

A trial court's denial of a motion to suppress is reviewed for an abuse of discretion. *Arguellez v. State*, 409 S.W.3d 657, 662 (Tex. Crim. App. 2013). We review a trial court's ruling under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). Almost complete deference is given to its determination of historical facts, especially if those facts are based on an assessment of credibility and demeanor. *Crain v. State*, 315 S.W.3d 43, 48 (Tex. Crim. App. 2010); *Amador*, 221 S.W.3d at 673 (citing *Guzman*, 955 S.W.2d at 89). We review de novo a trial court's application of the law to the facts. *Wade v. State*, 422 S.W.3d 661, 667 (Tex. Crim. App. 2013); *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). Regardless of whether the trial court granted or denied the motion, appellate courts view the evidence in the light most favorable to the ruling. *Wade*, 422 S.W.3d at 666; *State v. Woodard*, 341 S.W.3d 404, 410

(Tex. Crim. App. 2011). We will uphold the trial court's ruling if it is reasonably grounded in the record and correct on any theory of law applicable to the case. *Wade*, 422 S.W.3d at 667, *Valtierra*, 310 S.W.3d at 447–48. When the trial court does not issue findings of fact, we imply findings that support the trial court's ruling if the evidence supports those findings. *State v. Kelly*, 204 S.W.3d 808, 818–19 (Tex. Crim. App. 2006).

There are three distinct types of police-citizen interactions: (1) consensual encounters that do not implicate the Fourth Amendment; (2) investigative detentions that are Fourth Amendment seizures of limited duration and scope, which must be supported by reasonable suspicion of criminal activity; and (3) arrests that are reasonable only if supported by probable cause. *Wade*, 422 S.W.3d at 667; *Woodard*, 341 S.W.3d at 410–11 (citing *Florida v. Bostick*, 501 U.S. 429, 434 (1991); *Terry v. Ohio*, 392 U.S. 1, 30–31 (1968); *Gerstein v. Pugh*, 420 U.S. 103, 111–12 (1975)). A detention occurs when a reasonable person, taking into account all circumstances, feels they are not at liberty to ignore the police and go about their business. *Kaupp v. Texas*, 538 U.S. 626, 629 (2003) (citing *Bostick*, 501 U.S. at 437). There is no dispute that Officer Truex detained Appellant when he stopped her vehicle and prohibited her from leaving the scene.

A police officer has reasonable suspicion for a detention if he has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that the person detained is, has been, or soon will be engaged in criminal activity. *Wade*, 422 S.W.3d at 667–68; *Derichsweiler v. State*, 348 S.W.3d 906, 914 (Tex. Crim. App. 2011). This is an objective standard that disregards the actual subjective intent of the arresting officer and looks, instead, to whether there was an objectively justifiable basis for the detention. *Wade*, 422 S.W.3d at 668; *Derichsweiler*, 348 S.W.3d at 914. The standard also looks to the totality of the circumstances; individual circumstances

4

may seem innocent enough in isolation, but if they combine to reasonably suggest the imminence of criminal conduct, an investigative detention is justified. *Wade*, 422 S.W.3d at 668; *Derichsweiler*, 348 S.W.3d at 914. The standard requires only "some minimal level of objective justification" for the stop. *Foster v. State*, 326 S.W.3d 609, 614 (Tex. Crim. App. 2010) (quoting *United States v. Sokolow*, 490 U.S. 1, 7 (1989)). Whether the facts known to the officer amount to reasonable suspicion is a mixed question of law and fact subject to de novo review. *State v. Mendoza*, 365 S.W.3d 666, 669–70 (Tex. Crim. App. 2012).

Appellant contends that the citizen-informant's complaint and Officer Truex's independent observations, under the totality of the circumstances, did not rise to the level of reasonable suspicion. We disagree. Officer Truex testified that he responded to a complainant's tip about a robbery in progress. The identity of the complainant was not known to Officer Truex. However, the complainant provided Officer Truex with the tip at the complainant's residence during a face-to-face meeting.

A citizen's tip may justify the initiation of a stop if the tip contains "sufficient indicia of reliability." *Arizpe v. State*, 308 S.W.3d 89, 92 (Tex. App.— San Antonio 2010, no pet.) (quoting *Florida v. J.L.*, 529 U.S. 266, 270 (2000)). Because the complainant's identity is unknown, the information provided to Officer Truex is considered an anonymous tip. We evaluate four factors in determining the reliability of an anonymous citizen's information: "(1) whether the informant provide[d] a detailed description of the wrongdoing; (2) whether the informant observed the wrongdoing firsthand; (3) whether the informant is somehow connected with the police (e.g.[,] a paid informant); and (4) whether the informant place[d] himself in a position to be held accountable for the report." *Id.* (citing *Pipkin v. State*, 114 S.W.3d 649, 655 (Tex. App.—Fort Worth 2003, no

pet.)). When determining an informant's reliability, courts distinguish between anonymous 911 callers and unidentified informants who give unsolicited information to officers in a face-to-face manner. *Id.* at 92–93. The face-to-face informant is inherently more reliable than the anonymous 911 caller because the face-to-face informant places himself in a position to be held responsible for his intervention. *Id.* at 93.

Appellant contends that the citizen-informant supplied an anonymous tip and that that tip must be adequately corroborated by the officer. Corroboration does not mean that Officer Truex must personally observe the conduct that caused him to reasonably suspect that a crime is being, has been, or is about to be committed. *Brother v. State*, 166 S.W.3d 255, 259 n.5 (Tex. Crim. App. 2005) (citing *Adams v. Williams*, 407 U.S. 143, 147 (1972)). "Rather, corroboration refers to whether the police officer, in light of the circumstances, confirms enough facts to reasonably conclude that the information given to him is reliable and a temporary detention is thus justified." *Id.* (citing *Alabama v. White*, 496 U.S. 325, 330–31 (1990)).

Officer Truex cited the time of night, the "robbery/disturbance" in progress, the hurried and unusual exit by Appellant from the parking lot, and the lack of other people in the area as reasons why he detained Appellant. Time of day is one factor in determining reasonable suspicion. *Foster*, 326 S.W.3d at 613 (citing *Curtis v. State*, 238 S.W.3d 376, 380–81 (Tex. Crim. App. 2007)). Location is also important in determining the totality of the circumstances. *Id.* at 613 & n.10. Appellant was stopped in the same area where a possible robbery in progress was just reported. As stated above, an officer's reasonable suspicion that a crime has occurred or will soon occur in the future is a permissible basis for a traffic stop. *Terry*, 392 U.S. at 22; *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). Appellant also left the scene of a possible robbery in an expedited manner. A

6

video taken from the front dash of Officer Truex's patrol car was admitted into evidence. On that video, the sound of tires squealing can be heard moments prior to the time that Officer Truex encountered Appellant's vehicle. Based on the time of day, the proximity to a report of a possible robbery in progress by an informant in a face-to-face meeting with the police officer, and the hurried manner in which Appellant left the parking lot, we conclude that Officer Truex had reasonable suspicion to stop Appellant's vehicle. Based on the totality of the circumstances, we find that Officer Truex had reasonable suspicion to initiate the investigatory stop. Consequently, we overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY
JUSTICE


January 15, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

7



11TH COURT OF APPEALS
EASTLAND, TEXAS
JUDGMENT

Esperanza Esquivel,

Vs. No. 11-12-00313-CR

The State of Texas,

\* From the 385th District
Court of Midland County,
Trial Court No. CR39984.

\* January 15, 2015

\* Memorandum Opinion by Bailey, J.
(Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.)

This court has inspected the record in this cause and concludes that there is no error in the judgment below. Therefore, in accordance with this court's opinion, the judgment of the trial court is in all things affirmed.